G. N. BEEMER et al., Trustees, Appellees, v. WILLIAM G. CHALLAS et al., Appellants.

No. 44040.

NOVEMBER 23, 1937.

Senneff, Bliss & Senneff, for appellees.

L. R. Boomhower and N. Levinson, for appellants.

DONEGAN, J.—On and prior to the 3rd day of October, 1934, A. H. Cummings was an unmarried man and was the owner of lot 17 in block 24 in Brice and Ong Land Company's Street Railway addition to the city of Mason City, Iowa. On that day he executed a warranty deed which recited that, in consideration of the sum of $1.00 paid by G. N. Beemer and Ralph S. Stanbery, trustees, he sold and conveyed the said real estate to said G. N. Beemer and Ralph S. Stanbery, trustees. The deed recited the terms of the trust thus created substantially as follows: 1. The trustees were to have absolute management and control of the real estate until the trust should terminate as therein provided. 2. The net income from rentals collected was to be paid to the grantor, during his lifetime, as he might require; upon his death the trustees were directed to pay the expenses of his last sickness and burial and $100 to a cemetery association for a perpetual maintenance fund; and, after the payment of said items, the net income was to be paid "at such reasonable times

as may be determined by the trustees, to Albert H. Cummings and Lewis B. Cummings, grandsons of the Grantor, divided between them equally share and share alike.'' 3. The trust was to terminate at the time that the youngest grandson, Lewis B. Cummings, attained the age of 25 years, ''provided that at that time said grandsons are free from debt, such fact to be determined by the Trustees; and in the event either of said grandsons are financially involved this trust shall continue as to one or both of said grandsons at the discretion of the Trustees.'' 4. Upon the termination of the trust the title to the real estate was to vest absolutely in said Albert H. Cummings and Lewis B. Cummings. This deed was recorded on the 4th day of October, 1934, and following the recording was in the possession of the trustee, Ralph S. Stanbery, at all times until the trial of this case. Until his death, which occurred on the 4th day of February, 1936, the income of the property was collected by the grantor, A. H. Cummings.

On March 18, 1936, the plaintiff trustees filed their petition in equity in this action, alleging that they are the absolute owners in fee simple, subject only to the provisions of the trust deed, of the said lot 17 above referred to; that the defendants, who are husband and wife, make some claim adverse to the title of the plaintiffs in said property; that neither of the defendants has any right, title, or interest in and to said property; and that their said claims cloud the title of the plaintiffs therein. Plaintiffs prayed that their title and estate be established against the adverse claims of the defendants, and that the defendants, and all persons claiming by or through them, be barred and estopped from having or claiming any right, title, or interest in and to said property, and that their title thereto be quieted, established and confirmed. A copy of the deed was attached to the petition and made a part thereof.

The defendants filed an answer which, in addition to a general denial, contained several affirmative defenses which were stricken out on motion. Thereafter, the case went to trial on the allegations of the plaintiffs' petition and the general denial contained in the defendants' answer. The trial court entered a decree finding that A. H. Cummings, by the execution of the deed here involved, fully and completely alienated the title to the real estate therein described and vested the plaintiffs with said title; that plaintiffs are entitled to maintain this action and to

maintain the title vested in them, wholly unimpaired from any action taken by A. H. Cummings or the beneficiaries, until the plaintiffs have carried out the obligations imposed upon them by said deed; that Albert H.. Cummings, the grandson of the grantor and one of the beneficiaries under the deed, had no power of alienation; that the agreement between him and the defendant, William G. Challas, shows that the deed executed by him was upon a condition that could not be performed; that it would be impossible for said Challas to obtain a proper title, and the only effect of his claim by reason of his negotiations with the deceased grantor, or by reason of the purported conveyance from said beneficiary, is to cloud plaintiffs' title. And the decree ordered, adjudged, and decreed that the title to said lot is quieted in the plaintiffs; that the defendants and each of them, and all persons claiming by or through them, or either of them, are estopped from having or claiming any interest or title in the said lot adverse to the claim and title of the plaintiffs; that the cloud created upon plaintiffs' title by the claim of the defendants is removed and the deed executed by the beneficiary, Albert H. Cummings, to the defendant, William G. Challas, is declared to be a nullity. From this decree the defendants appeal.

From the evidence presented in the trial of the case it appears that the defendant, William G. Challas, claims that, in November, 1935, he made an agreement with A. H. Cummings, the grantor in the deed to plaintiff trustees, to purchase the said property here involved for the sum of $700, and was to be given possession on January 1, 1936; that, as part of said purchase price, he paid said Cummings $50 in two separate checks of $25 each, on January 4 and January 7, 1936, respectively, and turned over to said Cummings the rent of said premises for the months of January, February, and March, 1936, in the sum of $35, leaving a balance of $615 of said purchase price unpaid. It further appears from the evidence that about the time of the death of said A. H. Cummings the said Challas talked to the plaintiff, Stanbery, in reference to his alleged purchase of said lot from Cummings. The defendant, Challas, alleges that this conversation took place before the death of Mr. Cummings, while the plaintiff, Stanbery, states that he had no such conversation with the said defendant until after the death of Cummings. Following this first conversation between the defendant, Challas, and the plaintiff, Stanbery, it appears that there were

some further negotiations in which Challas was told that the trustee had a better offer for the property than the price which Challas claimed he had purchased it for, and there was some discussion as to whether it would be possible, in any event, for the trustees to sell the property. Following these conversations, the defendant, Challas, took the matter up with Albert H. Cummings, one of the beneficiaries of the trust created in the deed, and, on the 25th day of March, 1936, said Challas and Cummings entered into a written agreement which, after reciting the purchase of the property by Challas from A. H. Cummings, and that the said Albert H. Cummings was desirous of carrying out the said sale made by A. H. Cummings, insofar as it was within his power to do so, proceeded to state that said Albert H. Cummings had executed a quitclaim deed conveying to Challas all of his right, title, and interest in the property, with the understanding that Challas should pay to the persons entitled to receive the same the balance of $615 due on the purchase price, to the end that one-half thereof should inure to the benefit of said Albert H. Cummings. On the said day, March 25, 1936, said Albert H. Cummings and Alberta E. Cummings, his wife, executed a quitclaim deed by which they quitclaimed to said Challas all their right, title, and interest in the said property.

It appears to be the contention of the defendants that, because of the alleged contract made by William G. Challas with A. H. Cummings, for the purchase of said property from Cummings for the sum of $700, and the payment of a part of the purchase price thereof, and by the quitclaim deed executed by the beneficiary, Albert H. Cummings and his wife, and the contract executed by the beneficiary, Albert H. Cummings, the defendants have acquired a title and interest in the property, as against the plaintiff trustees, which precludes the trustees from the relief which they are seeking in this action.

As we gather from the appellants' argument, it is their claim that the deed executed by A. H. Cummins to the plaintiffs as trustees vested a one-half interest in the real estate belonging to the trust in the beneficiary, Albert H. Cummings, and that, under section 10042 of the 1935 Code, which provides that "every conveyance of real estate passes all the interest of the grantor therein, unless a contrary intent can be reasonably inferred from the terms used", the quitclaim deed executed by Albert H. Cummings and his wife to the appellant, Challas, con-

veyed the vested one-half interest of said Albert H. Cummings to the appellant, Challas. The contract which Challas claims to have made with A. H. Cummings, the grantor in the deed to the trustees, however, was not for the purchase of a one-half interest in the property, and the tender which the appellant made in court was not a tender of the purchase price for the one-half interest of the beneficiary, Albert H. Cummings, but was a tender of the balance of the $700 purchase price for the entire fee, including the interest of the other beneficiary, Lewis B. Cummings. Moreover, the testimony of the defendant, Challas, clearly indicates that the contract which he claims to have made with A. H. Cummings, the grantor in the deed to the trustees, was for the purchase of the entire lot, and that the tender of the balance of $615 which he made upon the trial of the case was not intended to be binding upon him unless and until he should obtain a good title in fee to the said lot.

■■■ It may be conceded that, under the provisions of section 10042 of the 1935 Code, above referred to, the quitclaim deed executed by the beneficiary, Albert H. Cummings, and his wife to the defendant, Challas, passed all the interest of said Albert H. Cummings in and to the lot in question, but this is of no assistance in determining what interest, if any, said Albert H. Cummings has in said lot at the present time. In this action no question is raised as to the execution of the deed of A. H. Cummings to the plaintiff trustees nor as to the validity of provisions of the deed. The conveyance in said deed was absolute in form, subject only to the terms of the trust. No provision for its revocation was contained in the deed, and no facts have been plead or proved in the trial of this case from which it could be claimed that A. H. Cummings had any right to revoke the trust created by the deed or to enter into a contract for the sale of the said lot to the appellant, Challas. Lewis v. Curnutt, 130 Iowa 423, 106 N. W. 914. The defendant, Challas, therefore, acquired no title or interest in the property by reason of his alleged purchase from A. H. Cummings, the grantor in the deed to the trustees.

■■■ Under the provisions of the deed executed by A. H. Cummings the trustees were given the *absolute management and control of the property*. After the death of the grantor, and the payment of funeral expenses and perpetual maintenance, said deed provided that the net income from the trust *"shall be paid,*

at such reasonable times as may be determined *by the trustees, to Albert H. Cummings and Lewis B. Cummings.*" The deed further provided that the trust should terminate at the time the youngest son, Lewis B. Cummings, attained the age of 25 years, "*provided that at that time said grandsons are free from debt, such fact to be determined by the Trustees;* and in the event either of said grandsons are financially involved this trust shall continue as to one or both of said grandsons *at the discretion of the Trustees.*" (Italics are ours.) We think it quite apparent from the provisions of the deed itself that the trust created was in the nature of a spendthrift trust; that it was the intention of the grantor, A. H. Cummings, that the corpus of the trust was to remain intact at least until the youngest grandson, Lewis B. Cummings, became 25 years of age; that, until that time at least, the trust was to be under the absolute management and control of the trustees and the payments of net income therefrom were to be made by the trustees to the said grandsons, Albert H. Cummings and Lewis B. Cummings. We think it equally apparent from the express terms of the deed itself that, at the discretion of the trustees, the trust might be continued as to one or both of the beneficiaries long after the said Lewis B. Cummings attained the age of 25 years, if either of the said beneficiaries was financially involved. The evidence showed that at the time of the trial the beneficiary, Lewis B. Cummings, was 17 years of age. For at least eight years, therefore, the trustees have not only an absolute right, but a duty, to manage and control the trust property. They have a discretion as to when the payments of net income from such property shall be made, but the deed expressly provides that "the net income from the trust *shall be paid * * * to Albert H. Cummings* and Lewis B. Cummings." (Italics are ours.) Even if it be conceded that, when the trust is finally terminated (and there is no means of determining when that time will arrive), the appellant, Challas, would then be the absolute owner, under the quitclaim deed from Albert H. Cummings, of an undivided one-half interest in the lot here involved, he has no present right and, until the trust is terminated, can have no right to the possession and enjoyment of either the one-half of the net income or of one-half of the corpus of the trust of which Albert H. Cummings was made the beneficiary under the provisions of the deed to the trustees.

 Whether it might be possible that, before the grand-

son, Lewis B. Cummings, attains the age of 25 years, or after that time but while one or both of the beneficiaries are financially involved, circumstances might arise which would make it possible for a court to terminate the trust or authorize a conveyance of the trust property, we need not determine, because that question is not presented by this action. The question presented by this action and the relief asked by the petition is that the trustees be decreed to be the owners in fee simple of the title to the property, subject only to the provisions of the deed conveying it to them. We are well satisfied that the defendants, or either of them, acquired no right or interest in the lot here involved by reason of the alleged purchase from A. H. Cummings, the grantor in the deed to the trustees. We are equally well satisfied that neither the written agreement entered into between the beneficiary, Albert H. Cummings, and the defendant, William G. Challas, nor the quitclaim deed executed by said beneficiary and his wife to William G. Challas can in any way affect the rights of the trustees in said property, as provided in the deed conveying it to them. The trustees are given the right and are burdened with the duty to exercise the absolute management and control of said property in accordance with the terms of the trust created by the deed. The trust created being in the nature of a spendthrift trust and evidencing an intention on the part of the grantor that neither the income nor the corpus shall be subjected to claims of any person or persons other than the beneficiaries until after its termination, no person or persons other than the beneficiaries can acquire any right, as against the trustees, to all or any part of the net income, or as to the possession, enjoyment, management or control of the trust property or any part thereof, as long as the trust continues in existence. We are not prepared to say, however, that the beneficiaries have no present right or interest in the trust property that would pass to a grantee in a deed from them, or that, as held by the trial court, the quitclaim deed executed by the beneficiary, Albert H. Cummings, to the defendant, William G. Challas, is a nullity. What right or interest in the property, after the termination of the trust, may or may not have passed to the defendant, William G. Challas, under the quitclaim deed, involves the rights of Challas against the beneficiary, Albert H. Cummings, and not any right or interest of Challas as against the trustees. Insofar as the decree of the trial court holding the quitclaim deed to be

a nullity could be said to be an adjudication that Challas would have no right or interest in that part of the trust property, that may vest absolutely in the beneficiary, Albert H. Cummings, after the termination of the trust, we think the decree should be modified, because that was not an issue in this case. What right, if any, said Challas may have to recover the payments made by him from the estate of A. H. Cummings, or what rights, if any, said Challas may have against Albert H. Cummings, when and if said trust is terminated, we do not here consider or determine.

With the modification above suggested, the decree of the trial court is affirmed.—Modified and affirmed.

HAMILTON, C. J., and KINTZINGER, PARSONS, RICHARDS, and SAGER, JJ., concur.